# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**FRED T. WIMBERLY,**
    Petitioner,

vs.                                                          3:05cv197/MCR/MD

**JAMES R. MCDONOUGH,**
    Respondent.
_____/

## O R D E R

      This cause comes on for consideration upon the magistrate judge's report and recommendation dated June 20, 2006. The petitioner has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1), and I have made a _de novo_ determination of those portions to which an objection has been made.

      Having considered the report and recommendation and any objections thereto timely filed, I have determined that the report and recommendation should be adopted. The court carefully considered the petitioner's claim that his trial counsel was ineffective for having selected a biased juror. The court agrees with the magistrate judge's analysis of the claim and his conclusion "that petitioner has not carried his burden of showing that the state court was unreasonable in finding that trial counsel had made a reasonable strategic decision when he accepted Mr. Edwards as a juror." The state court record contains a basis in fact for the trial attorney's decision to seat Mr. Edwards and reflects that trial counsel questioned Mr. Edwards about his alleged bias; petitioner has not shown by clear and convincing evidence that the state court's factual finding - that trial counsel made a strategic decision to accept the person as a juror - was incorrect. The court also agrees with the magistrate judge's rejection of petitioner's argument that trial counsel's seating of an admittedly biased juror amounted to ineffective assistance of counsel _per se_, with prejudice presumed. Although apparently this is now the law in the Sixth

Circuit (Miller v. Webb, 385 F.3d 666 (6th Cir. 2005); Hughes v. United States, 258 F.3d 453 (6th Cir. 2001)) and perhaps the Fifth Circuit (Virgil v. Dretke, 446 F.3d 598 (5th Cir. 2006)) as well, neither the Eleventh Circuit nor the Supreme Court has so held.  See Babb v. McDonough, No. 06-10367 (11th Cir. 2006).

Accordingly, it is now ORDERED:

The amended petition for writ of habeas corpus (doc. 5) challenging the conviction and sentence in the case of *State of Florida v. Fred Thomas Wimberly*, in the Circuit Court of Santa Rosa County, Florida, case no. 98-779, is DENIED and this cause is DISMISSED and the clerk is directed to close the file.

DONE AND ORDERED this 16th day of October, 2007.


    s/ *M. Casey Rodgers*
    **M. CASEY RODGERS**
    **UNITED STATES DISTRICT JUDGE**